IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DRC, INC., Plaintiff, v. THE UNITED STATES, Defendant. | ) ) ) ) ) ) ) ) ) ) | No. 04-940C (Judge G. Miller) |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO SUSPEND PROCEEDINGS OR, IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME AND APPENDIX

On January 5, 2005, plaintiff, DRC, Inc., responded to the Government's Motion to Suspend Proceedings or, in the Alternative, for an Enlargement of Time. Defendant, the United States or Government, files the following reply to that response and renews its request that the Court stay the proceedings in this case pending resolution of the fraud allegations currently before the United States District Court for the District of Columbia, in case No. 1:04-cv-01608. In the alternative, if the Court, denies our motion, the Government requests an enlargement of time of 21 days from the date of the order denying our motion in which to respond to plaintiff's complaint.

While plaintiff spends most of its time arguing the merits of the fraud allegations and the effect of fraud,[1] it appears to

[1]Because the merits of the fraud allegations are not currently before this Court, the United States will not address the merits of the allegations in this reply. The United States, however, disagrees with the characterizations of the facts, their effect upon the contract, and the conclusions of law proffered by

argue only three points relating to the matter currently before the Court, i.e. whether this case should be stayed to permit the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq., to proceed in the district court. Those points are: (1) that there is no possibility of inconsistent results between this case and the FCA action because the contract relating to the FCA complaint and the letter of commitment at issue in this Court are different contracts;(2) that because DRC filed the contract complaint in this Court before the FCA action was filed in the district court, comity requires that the action in this Court proceed first; and (3) that DRC will suffer prejudice if this case is suspended pending resolution of the FCA action in the district court. DRC is mistaken upon all three points.

While not totally clear, the first alleged basis for denying the stay appears to be the conclusion by DRC that the case pending before this Court is based upon a contract different from the contract upon which the FCA litigation is premised, which precludes inconsistent results.[2] The foundation for this

---

plaintiff and expressly reserves the right to respond to those allegations, characterizations, and conclusions, if the fraud allegations are ever properly before this Court.

[2]This conclusion is the result of DRC's position that the "resolution of [the FCA] action cannot cause a result inconsistent with the result in the present action [because] the focus of the present action is the letter of commitment issued by the Government to DRC ... [while] ... the focus of the FCA [a]ction is a construction contract to which the Government was not a party." Plaintiff's Response (hereafter "Pl. R.") at 1.

argument appears to be that the letter of commitment and the construction contract, for which the letter of commitment provided payment, are different and, therefore, apparently unrelated. DRC's position is unsupportable when considered in context.

As demonstrated in our opening brief, the letter of commitment served as a payment vehicle for work performed by DRC under the construction contract entered into with a component of the Government of Honduras. As such, but for the construction contract, under which the fraud is alleged to have been committed, the letter of commitment is meaningless.

If fraud tainted the construction contract, as alleged in the FCA action, that contract is void ab initio, which precludes recovery under the letter of commitment, because payment would be predicated upon a void contract. J.E.T.S., Inc. v. United States, 838 F.2d 1196, 1200 (Fed. Cir.)(false statement by contractor that it was a small business, in order to qualify for award under the "8a" program, rendered contract void ab initio), cert. denied 486 U.S. 1057 (1988); Godley v. United States, 5 F.3d 1473 (Fed. Cir. 1993)(where the record reveals some causal link between the illegality and the contract provisions, the contract is void ab initio).

From this it becomes obvious that, if the obligation to pay does not arise because of fraud, then the Government owes DRC

nothing under the fraudulently obtained contract or fraudulent invoices. Thus, when considered in context, the two documents are inextricably linked and any claim that DRC may have against the United States is absolutely dependent upon the work DRC performed or the fraud it may have committed under the construction contract.

Moreover, DRC can not reasonably claim to be unaware of this linkage and dependence. The letter of commitment, that DRC cites as the contract upon which jurisdiction in this Court is founded, states: "Payment shall be made in accordance with the payment terms and schedule specified in the contract ...." A1.[3] The "contract" is identified as the "Construction Work for Group I ... Dated June 21, 2000," which is the contract under which the claims in this case have been filed, Id., and upon which the FCA action is based.

Thus, the contract documents and common sense require that the letter of commitment and the construction contract be read together and in context. From this it necessarily follows that any objection to a stay of these proceedings because the contract providing jurisdiction in this Court is different or somehow unrelated to the contract upon which the FCA action is based, which precludes inconsistent results, is mistaken.

---

[3]"A_" refers to the page in the appendix attached to this reply.

The second alleged basis for denying the requested stay, according to DRC, is that comity requires that the first filed action proceed first. Pl. R. at 10. This argument is premised upon the fact that DRC filed its complaint in this Court before the FCA action was filed in the district Court.

In our opening brief, we demonstrated that the claims in the two cases, the one in this Court and the one in the district court, are clearly different, if related, claims. No fraud counterclaim has been filed in this Court. As such, there is no fraud claim pending in this Court.

A further reason for discarding this alleged basis for denying the requested stay lies in the nature of the doctrine of comity. As DRC acknowledged in its reply, "[c]omity is an equitable doctrine, intended to promote judicial efficiency." Pl. R. at 10 (quoting Northrop Corp. United States, 27 Fed. Cl. 795, 801 (1993)). As such, the question involved here is not only where the complaints were first filed, but more importantly, the circumstances extant at the time of filing.

In this case, as we pointed out in our motion and not refuted by DRC, the United States Attorney's Office and counsel for DRC were discussing resolution of the FCA claim during 2003. While these discussions were ongoing, and without notice to the United States, DRC filed the contract claim case in this Court. But for these discussions, and the understanding that the FCA

complaint would not be filed while the discussions were ongoing, the FCA action would have been filed months before the complaint was filed in this Court. To now invoke an equitable concept, after having apparently resorted to what could be perceived as a delaying tactic to permit the filing of the contract claim first, violates the concept upon which equity is based, i.e., fairness.[4]

Nevertheless, whether or not deception was intended by DRC, the fact remains that the FCA case is well under way in the district court. The motion to dismiss, filed by DRC, has been fully briefed. To proceed with the contract claim, and possibly necessitate the filing of another fraud claim against DRC in this case, benefits neither party and further appears to violate the very purpose of comity, which is judicial efficiency.

This point leads to the last argument offered by DRC, that DRC will be prejudiced by the failure to proceed with this case pending resolution of the FCA case in the district court. DRC apparently bases this argument upon the misconception that if this case is not stayed, DRC will receive any amounts that it may be due under the contract sooner than if it waits until the FCA

---

[4]The Government notes that DRC is represented by different counsel in the FCA case and the case pending in this Court, which may explain the inconsistency. In any event, the result is the same: the delay in filing the FCA complaint was due to the continuing discussions between DRC counsel's and the United States Attorney's Office attempting to resolve the FCA allegations short of litigation. This delay, in turn, allowed the contract complaint to be filed in this Court first.

case is resolved. DRC is once again mistaken.

No funds can be paid to DRC under the contract until the fraud allegations are resolved, irrespective of where those allegations are resolved. Given the fact that the motion to dismiss has been fully briefed in the district court, it appears likely that a decision upon that phase of the litigation will occur much sooner in the district court and the litigation will proceed from there and result in an earlier resolution of the fraud allegations than will occur in this Court, given the current posture of this case. This conclusion follows from the fact that if the motion to dismiss is not resolved in the district court, the same issue will have to be re-litigated in this Court. As such, DRC's allegations of prejudice from not being allowed to proceed in this Court ring hollow.

In summary, DRC, as it must, concedes that the FCA action was properly filed in the district court. The earlier filing of the contract claim in this case resulted from an understanding that the FCA complaint would not be filed while discussions continued about resolving the FCA action without filing a complaint. Any finding regarding fraud by the district court will be dispositive of the issue in this case. In the absence of a decision regarding fraud by the district court, it appears likely that the issue may have to be addressed in this Court. Because the FCA litigation is fully under way in the district

court, judicial economy would be better served by permitting it to continue there. Since resolution of the fraud allegations are an absolute precondition to DRC's entitlement under the contract, DRC is not prejudiced by having the FCA action proceed first in the district court.

For the above stated reasons, the Government respectfully requests that this Court grant our requested suspension of proceedings in this case until the fraud allegations are resolved in the district court. In the alternative, if the Court, denies our motion, the Government requests an enlargement of time of 21 days from the date of the order denying our motion in which to respond to plaintiff's complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Mark A. Melnick
MARK A. MELNICK
Assistant Director

/s Ronald G. Morgan
RONALD G. MORGAN
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6289

Of Counsel:
JOHN B. ALUMBAUGH
Attorney Advisor
U.S. Agency for
Int'l Development

January 18, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 18th day of January 2005, a copy of the foregoing "Defendant's Reply to Plaintiff's Response to Defendant's Motion to Suspend Proceedings Or, in the Alternative, for an Enlargement of Time and Appendix" was electronically filed. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s RONALD G. MORGAN

KARL FREDERICK DIX
George Wenick
Smith, Currie & Hancock LLP
2600 Harris Tower
233 Peachtree Street, N.E.
Atlanta, GA 30303-1530