# In the United States Court of Federal Claims

| | |
|---|---|
| DRC, INC., Plaintiff, v. THE UNITED STATES OF AMERICA, Defendant. | No. 04-940C<br>Filed January 24, 2005 |

## ORDER

On November 16, 2005, the Government filed a Motion to Suspend Proceedings or, in the Alternative, a Motion for an Enlargement of Time, requesting that the Court suspend proceedings in this case, and a related case, No. 04-1124C, pending resolution of *United States v. DRC, Inc.*, Civ. No. 04-01608, (D.D.C.), a case pending in the United States District Court for the District of Columbia. The district court case is a False Claims Act ("FCA") action in which the government alleges that DRC used fraud to win contracts with the Honduran government for recovery services following Hurricane Mitch. The Government contends that the FCA action relates to the contracts that are the subject of DRC's complaints in this court.

On January 5, 2005, DRC filed an opposition to the Government's motion. DRC argues that the contracts at issue in this court are different from the contracts at issue in the district court. After DRC was awarded the contracts by the Honduran government, the United States Agency for International Development ("USAID") issued a Letter of Commitment ("LOC") guaranteeing payment to DRC for its work under the Honduran contracts. DRC bases its complaints in this court on the LOC it executed with the USAID. Because the Honduran contracts are different from the LOC, DRC contends that the allegation of fraud in the district court has no bearing on the cases before this court. DRC also argues that it would be prejudiced if the court decided to stay the proceedings in this court, because it would delay its efforts to collect on claims that were filed before the Government filed its FCA claim in district court. Pl. Opp. at 7.

The Government argues that if the district court finds for the Government on the issue of fraud, DRC's claims in this court would be rendered forfeited pursuant to 28 U.S.C. § 2514 ("A claim against the United States shall be forfeited to the United States by any person who corruptly practices or attempts to practice any fraud against the United States in the proof, statement, establishment, or allowance thereof. In such cases the United States Court of Federal Claims shall specifically find such fraud or attempt and render judgment of forfeiture."). The Government adds that the contracts on which DRC bases its claims would be rendered void *ab initio* if the Government succeeded in district court. *See J.E.T.S., Inc. v. United States*, 838 F.2d 1196, 1200 (Fed. Cir. 1988). The Government notes, however, if the district court holds that there was no fraud in the Honduran contracts, such a finding may facilitate resolution in this case short of trial, as a determination of the district court on the fraud issue would most likely apply in this court.

"The power of a federal trial court to stay its proceedings . . . is beyond question." *Commonwealth Edison v. United States*, 46 Fed. Cl. 29, 33-34 (2000) (citing *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)). "When and how to stay proceedings is within the sound discretion of the trial court." *Id.*

The Court of Appeals for the Federal Circuit has identified the factors to be considered in determining whether to stay a case:

> (i) "a trial court must first identify a pressing need for the stay;" (ii) "the court must then balance interests favoring a stay against interests frustrated by the action;" and (iii) "overarching this balancing is the court's paramount obligation to exercise jurisdiction timely in cases properly before it." *Cherokee Nation*, 124 F.3d at 1416. In addition, where a related case is pending before another court, as is true here, a trial court should also consider: (i) principles of comity, with the normal rules favoring the court in which a case is first filed, *Northrop Corp. v. United States*, 27 Fed. Cl. 795, 801 (1993); (ii) judicial economy, focusing, *inter alia*, on whether a stay is necessary to avoid duplicative litigation, *Haustechnik v. United States*, 34 Fed. Cl. 740, 745 (1996); and (iii) the motives of the party seeking the stay, with courts disfavoring stays where the movant is seeking to avoid adverse precedent, *Adrienne Village v. United States*, 25 Cl. Ct. 457, 459-61 (1992).

*Commonwealth Edison*, 46 Fed. Cl. at 34.

A stay in these cases is necessary because the dispositive issue of fraud is already being litigated in the District Court for the District of Columbia. Moving forward with the proceedings in this court would result in duplicative litigation on the issue. The issue of fraud is relevant to the LOC from USAID because a finding that DRC acted fraudulently in obtaining the Honduran contracts would have a dispositive effect on DRC's LOC-based claims in this court. Therefore, the parties would be engaging in duplicative litigation if the cases were permitted to move

forward in this court.

The Court, in considering the principles of comity, acknowledges that DRC filed its complaints in the Court of Federal Claims before the Government filed its FCA claim in district court. The issue of fraud, however, is already being litigated on the merits in district court. As DRC noted, it has already filed a motion to dismiss the Government's claim for failure to state a claim upon which relief can be granted. Pl's Opp. at 1.

In consideration of the above, defendant's motion is GRANTED. The Court ORDERS that this case shall be stayed pending resolution of *United States v. DRC, Inc*, Civ. No. 04-01608 (D.D.C.). The Court FURTHER ORDERS that parties shall file a joint status report by February 28, 2005 and every 30 days thereafter apprising the Court of the status of the proceedings in the district court.

IT IS SO ORDERED.

s/George W. Miller
GEORGE W. MILLER
Judge